UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, as Parent and Next Friend of P.D., a Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 3 OF OKMULGEE COUNTY a/k/a MORRIS PUBLIC SCHOOLS, a Political Subdivision of the State of Oklahoma; TYLER DALLAS EWTON; CHRIS KARCH; and ANDREW "BUCKY" EWTON,<br><br>Defendants. | Case No.   CV–21–305–JAR |

OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment as to Defendant Dallas Ewton (Docket Entry #49). Upon review and consideration of the filings of the parties, this Court renders the following ruling.

Defendant Tyler Dallas Ewton (hereinafter "Dallas Ewton") was a school teacher at Morris High School (hereinafter "MHS"). MHS is a part of Morris Public Schools, a political subdivision that received federal funds and was subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 during the 2019-2020 school year. P.D., who is a minor, attended MHS during the 2019-2020 school year. During this time, Dallas Ewton was P.D's math teacher and ran the MHS after-school tutoring program, Eagle Pride, that P.D. often attended.

Dallas Ewton was never provided any training by MPS regarding sex discrimination during his time as a teacher. Andrew "Bucky" Ewton, Dallas Ewton's father, was the principal of MHS during the 2019-2020 school year.

Prior to the 2019-2020 school year, Dallas Ewton had an inappropriate relationship with a student involving physical touching. A parent voiced concerned about the relationship to Bucky Ewton and other school staff. After the incident, Andrew Ewton spoke with Dallas Ewton and warned him to stay away from the student, but Dallas Ewton received no discipline from MPS for the inappropriate behavior. This occurred despite the requirement that Morris Public Schools teachers were required to report sexual misconduct suffered by students under Oklahoma law.

During the course of the 2019-2020 school year, Dallas Ewton expressed special interest in P.D. and admitted he was physically attracted to P.D. Although P.D. did not reciprocate, seek, or engage in physical touching with Dallas Ewton, he at least once, physically touched P.D. on her shoulder, back, lower back, leg, knee, and genital area during this time. Dallas Ewton also at least once during the 2019-2020 school year stood in a position next to P.D., who was seated, so that his genital area was near her face and at least once Dallas Ewton's genital area touched her head during such occurrence. In addition, at least once during the 2019-2020 school year, Dallas Ewton ran his hand through P.D.'s hair. Further, Dallas Ewton on at least one occasion, followed P.D. into the women's restroom.

Due to Defendant Dallas Ewton's actions, P.D. has since suffered emotional harm. P.D. has experienced sadness, hopelessness, anxiety, shame, embarrassment, panic attacks, difficulty sleeping, and a sense of isolation and loneliness. This has caused P.D. to engage in self-harm and to have difficulty trusting others. In order to manage her symptoms, P.D. has been undergoing mental health treatment including being seen by mental health providers and taking prescribed anti-depressant and anti-anxiety medications.

On July 1, 2021, Defendant Dallas Ewton was charged in this Court with Aggravated Sexual Abuse, Sexual Abuse of a Minor or Ward, and Abusive Sexual Contact of a Minor or Ward, in violation of Title 18, United States Code, §§ 2241(a) & (c), 2244(a)(3) & (4), 2246(2)(B) & (C), 2246(3), & 1153. Following these charges, the Oklahoma State Board of Education entered an Emergency Order on July 12, 2021, which suspended Defendant Dallas Ewton's teaching certificate.

Plaintiff filed this lawsuit on October 10, 2021. Plaintiff asserted the following claims against Defendant Dallas Ewton: (1) violation of P.D.'s Fourteenth Amendment rights under 42 U.S.C. § 1983, (2) assault and battery, and (3) intentional infliction of emotional distress. During initial discovery, Plaintiff issued Requests for Admissions, Interrogatories, and Requests for Production of Documents to Defendant Dallas Ewton on January 12, 2022. Defendant Dallas Ewton failed to object or respond in any manner to the Requests for Admissions within the thirty-day period as prescribed by Fed. R.

Civ. P. 36. On June 20, 2022, Plaintiff filed this Motion for Partial Summary Judgment as to Defendant Dallas Ewton in response to the failure of Defendant Dallas Ewton to respond to discovery. Defendant Dallas Ewton initially responded to this Motion by responding to Plaintiff's discovery, including the Requests for Admissions, Interrogatories, and Requests for Production, on June 28, 2022. Prior to Defendant filing a response to the Motion for Partial Summary Judgment, Dallas Ewton entered a guilty plea in front of this Court as to the criminal charges arising from these allegations on July 7, 2022. Shortly after, Defendant Dallas Ewton filed his response to Plaintiff's Motion for Partial Summary Judgment.[1] Defendant Dallas Ewton continually stated throughout his Response and responded to a majority of Plaintiff's undisputed facts with the following:

> Because a conditional plea has been entered in the underlying criminal action that may or may not be accepted by the district judge, Defendant Ewton can neither admit nor deny any alleged facts unless and until a plea is finalized; and, thus, he denies the same. *U.S. v. Ewton,* Case No. CR-21-252-TDD (E.D., Okla. July 7, 2022), ECF No. 118.

In conjunction with the Reply, Plaintiff filed a Motion to Sanction Defendant Tyler Dallas Ewton and his Counsel. Plaintiff contended that not only were Defendant Dallas Ewton's discovery responses untimely but also that the responses provided were in direct contradiction to the Defendant's under oath testimony

---

[1] Although Defendants Andrew 'Bucky' Ewton, Chris Karch, and Okmulgee County School District No. 3 filed "Objections" to Plaintiff's Motion for Partial Summary Judgment as to Defendant Dallas Ewton, Plaintiff makes clear in both her Motion and Reply that the Motion for Summary Judgment is only pertaining to Defendant Dallas Ewton. As such, this Court will not consider the objections of the other Defendants in the deciding of this Motion.

during his guilty plea. This Court held a hearing on the Motion for Sanctions on September 29, 2022, during which Defendant Dallas Ewton's counsel requested that the responses to the Requests for Admissions be stricken and deemed admitted. Following the hearing, this Court granted counsel's request and entered an Order striking Defendant Dallas Ewton's responses to the Requests for Admissions and deemed them admitted.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Universal Money Centers v. A.T. & T.,* 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* 513 U.S. 1052 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Applied Genetics v.*

*First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

In this case, in relation to the material facts set forth herein above, there exists no genuine issue, either because the facts were deemed admitted or were not contested directly by competent evidence in Defendant's response to the pending Motion for Partial Summary Judgment. Accordingly, this Court finds it appropriate to examine whether Plaintiff is entitled to prevail as a matter of law.

**I. Fourteenth Amendment Due Process Claim**

The Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. A substantive due process violation occurs "where government action deprives a person of life, liberty, or property in a manner so arbitrary it 'shocks the conscience.'" *Abdi v. Wray*, 942 F.3d 1019, 1027 (10th Cir. 2019) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Generally, a court considers whether state action shocks the conscience when "a specific act of a governmental officer . . . is at issue." *Lewis*, 523 U.S. at 846.

Conduct "shocks the conscience" when it is "so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency." *Id.* at 847 (quoting *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957)). The scope of an actionable substantive due process claim is limited, and "[i]ntentionally or recklessly causing injury through the abuse or misuse of governmental power is not enough." *Onyx Properties LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 838

6

F.3d 1039, 1049 (10th Cir. 2016). Instead, the actions "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 513 (10th Cir. 2011). Although the standard is high, the Tenth Circuit has held that "[s]exual assault or molestation by a [public] school teacher violates a student's substantive due process rights." *Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1255 (10th Cir. 1996) (citing *Maldonado v. Josey*, 975 F.2d 727, 730–31 (10th Cir. 1992)).

In this case, Defendant Dallas Ewton, a public school teacher at MHS, physically touched P.D. in various areas. Defendant Dallas Ewton touched P.D.'s shoulder, back, lower back, leg, knee, and genital area at least once during the 2019-2020 school year. In addition to touching, Defendant Dallas Ewton also ran his fingers through her hair and stood in a position where his genitals were touching her head. Defendant Dallas Ewton's actions clearly rose to the level of sexual assault so much so that criminal charges were brought against him. As such, Defendant Dallas Ewton violated P.D.'s substantive due process rights. Plaintiff is entitled to summary judgment as to the Fourteenth Amendment claim against Defendant Dallas Ewton.

## II. Assault and Battery

Under Oklahoma law to establish a claim for battery, Plaintiff must prove that (1) acts occurred "intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact" and that (2) "a harmful contact with the person of the other directly or

indirectly result[ed]." *Brown v. Ford*, 905 P.2d 223, 229 n. 34 (Okla. 1995) (citing Restatement (Second) of Torts § 13 (Am. L. Inst. 1965)). Similarly, to establish a claim for assault, Plaintiff must prove that an actor (1) "intend[ed] to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact" and (2) "thereby put [the other] in such imminent apprehension." *Id.* (citing Restatement (Second) of Torts § 21 (Am. L. Inst. 1965)).

Defendant Dallas Ewton admitted to not only touching P.D. but also showing special interest and expressing his attraction to her. The contact of touching P.D. inappropriately, including but not limited to Plaintiff's legs and genital areas, as well as placing his genitals near her head during class, can be interpreted in no other manner than as offensive or harmful contact. Plaintiff further established that P.D. never sought out or reciprocated the physical touching, thus establishing that these acts did cause apprehension. Having proven that Plaintiff will prevail by law, Plaintiff is entitled to summary judgment as to the assault and battery claims against Defendant Dallas Ewton.[2]

### III. Intentional Infliction of Emotional Distress

Oklahoma law recognizes the tort of intentional infliction of emotional distress. *Gaylord Ent. Co. v. Thompson*, 958 P.2d 128, 149 (Okla.1998). To

---

[2] Although this Court recognizes Plaintiff incorrectly cited to the state criminal statute penalizing "Abuse, Neglect, Exploitation, or Sexual Abuse of a Child," 21 O.S. § 843.5, the elements of assault and battery have been met and as such these claims are subject to summary judgment in Plaintiff's favor. *See Zokari v. Gates,* 561 F.3d 1076,1084 (10th Cir. 2009) ("[A] complaint need not set forth the plaintiff's legal theories" and "[p]leadings must be construed so as to do justice." (quoting Fed. R. Civ. P. 8(e))).

establish a claim for intentional infliction of emotional distress, a plaintiff must prove that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). To prevail on such a claim, Plaintiff must demonstrate Defendant "engaged in conduct that was not only unreasonable but also was 'beyond all possible bounds of decency' in the setting in which it occurred and was such that it can be 'regarded as utterly intolerable in a civilized community.'" *Miner v. Mid-America Door Co.*, 68 P.3d 212, 223 (Okla. App. 2002) (citing *Gaylord*, 958 P.2d at 149).

Plaintiff provides extensive evidence of extreme and outrageous conduct by Defendant Dallas Ewton that would entitle Plaintiff to prevail on a claim for intentional infliction of emotional distress. P.D. was inappropriately touched by a public school teacher, who by law is required to report sexual misconduct suffered by students, on her shoulder, back, lower back, leg, knee, and genital area. In most instances, P.D. was touched with other students around. Further, Defendant Dallas Ewton positioned his genitals where they were touching P.D.'s head and followed her into the women's restroom. Defendant Dallas Ewton expressed his physical attraction to P.D. and otherwise showed special interest in her. Defendant Ewton intentionally acted in a manner that was beyond the bounds of decency and certainly utterly intolerable in a civilized society. As a result of the sexual assaults suffered by P.D., she has since dealt with emotional harm so severe that she has engaged in self-harm and continuously been treated

for anxiety and depression among other emotional harm. Plaintiff is entitled to summary judgment as to the intentional infliction of emotional distress claim against Defendant Dallas Ewton.

IT IS THEREFORE ORDERED that Plaintiff's Partial Motion for Summary Judgment as to Defendant Tyler Dallas Ewton filed July 20, 2022 (Docket Entry # 49) is hereby GRANTED. Accordingly, judgment is entered against Defendant Tyler Dallas Ewton and in favor of Plaintiff on Plaintiff's claims for (1) violation of P.D.'s Fourteenth Amendment rights as enforced through 42 U.S.C. § 1983, (2) assault and battery, and (3) intentional infliction of emotional distress in an amount to be determined. A final judgment in accordance with Fed. R. Civ. P. 54(b) will be entered when all claims against all parties are resolved.

IT IS SO ORDERED this 10th day of January, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE