IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, as Parent and Next Friend of P.D., a Minor Child,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 3 OF OKMULGEE COUNTY, and TYLER DALLAS EWTON,<br><br>　　　　　　Defendant. | Case No. 6:21-cv-305-JAR |

**OPINION AND ORDER**

Before the Court is the motion for summary judgment [Doc. 205] of defendant Independent School District No. 3 of Okmulgee County (the "District"). This case arises out of allegations that Plaintiff's minor child, P.D., was sexually abused during the 2019-2020 school year by defendant Tyler Dallas Ewton ("Dallas"), who was hired as a math teacher by the District in July of 2012 and remained so employed until his resignation in October of 2022.

Plaintiff asserts three causes of action against the District, including: (1) a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, based on a theory of deliberate indifference to sexual harassment complaints submitted against Dallas prior to his alleged abuse of P.D.;[1] (2) a claim under 42 U.S.C. § 1983 for violation of P.D.'s Fourteenth Amendment right to equal protection

---

[1] The record indicates that multiple District administrators (including Dallas' father, Bucky Ewton) were notified of Dallas' inappropriate behavior toward underage female students on at least eight occasions during the 2013-2014, 2015-2016, 2016-2017, 2017-2018, and 2019-2020 school years.

1

based on a theory of *Monell* liability arising from the District's alleged failure to provide employee sexual harassment training or a grievance procedure for students to file complaints of sexual discrimination, as well as an alleged failure to investigate, remedy, address, or prevent sexual harassment by District employees; and (3) a §1983 claim for violation of P.D's Fourteenth Amendment right to due process based on a danger-creation theory of liability arising from the District's alleged failure to take immediate, effective remedial steps to resolve prior complaints against Dallas in a manner consistent with federal and state law.

The District moves for summary judgment on all claims asserted by Plaintiff, contending: (1) there is no evidence the District was deliberately indifferent to known sexual harassment within its educational program; (2) there is no evidence to support the proposition that a relevant municipal policy or custom existed, let alone acted as a moving force behind the alleged injury; and (3) there is no evidence to show any affirmative conduct by the District that put P.D. in danger or the existence of a known or obvious risk of immediate harm to P.D. associated with the conduct of the District.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining

whether a genuine issue of material fact exists, the evidenced is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

As the Court views the evidentiary materials submitted in conjunction with the motion for summary judgment in favor of the nonmoving party, it appears that genuine issues of material fact exist. Such issues include, but are not necessarily limited to: whether the District possessed actual knowledge of Dallas' alleged pattern of predatory behavior toward underage female students prior to his alleged abuse of P.D.; whether the District adequately documented and responded to reports of sexual harassment committed by Dallas prior to his alleged abuse of P.D.; whether the District adopted any policies prior to July 30, 2020 prohibiting sexual harassment and/or providing for a grievance procedure to file administrative reports of sexual harassment; whether the District provided adequate, if any, sexual harassment training to its employees and designated Title IX coordinators during the relevant time period; and whether the District sufficiently supervised its employees to ensure effective detection and prevention of sexual harassment within its school system. Summary judgment is inappropriate under these circumstances, and this matter shall be submitted to the trier of fact for trial.

WHEREFORE, the motion for summary judgment [Doc. 205] of defendant Independent School District No. 3 of Okmulgee County is hereby **DENIED**.

IT IS SO ORDERED this 6th day of August, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE