# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JANE DOE, as Parent and Next Friend )
of P.D., a Minor Child, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
v. 　　　　　　　　　　　　　　　　) Case No. 6:21-cv-305-JAR
　　　　　　　　　　　　　　　　　　)
INDEPENDENT SCHOOL DISTRICT )
NO. 3 OF OKMULGEE COUNTY, and )
TYLER DALLAS EWTON, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants. )

## **OPINION AND ORDER**

This matter comes before the Court on the following motions filed by defendant Tyler Dallas Ewton ("Dallas"): a motion to reconsider the Court's entry of partial summary judgment [Doc. 184 ("Motion to Reconsider")],[1] and; a motion requesting that judicial notice be taken by this Court [Doc. 209 ("Motion for Judicial Notice")] of a separate motion Dallas filed pursuant to 28 U.S.C. § 2255 in the parallel criminal proceedings. *See* United States v. Ewton ("Criminal Case"), No. 21-CR-252-TDD (E.D. Okla.), [Doc. 145 ("§ 2255 Motion")]. Plaintiff Jane Doe, as parent and next friend of P.D., a minor child, timely filed responses in opposition to Dallas' Motion to Reconsider [Doc. 194] and Motion for Judicial Notice [Doc. 216].

## I. BACKGROUND

This case arises out of allegations that P.D. was sexually abused during the 2019-2020 school year by Dallas, who was as a math teacher employed by defendant

---

[1] For clarity and consistency herein, when the Court cites to the record, it uses the pagination and document numbers assigned by CM/ECF.

1

Okmulgee County School District No. 3 at Morris Public Schools. On July 14, 2021, Dallas was charged with and indicted on sixteen counts of sexual abuse of underage female students, including P.D., and one count of witness tampering. *See* Criminal Case, [Doc. 18 (Indictment)]. Plaintiff initiated this civil lawsuit on October 10, 2021, asserting the following claims against Dallas: (1) violation of P.D.'s Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) assault and battery, and (3) intentional infliction of emotional distress. [Doc. 2 at 25-28]. Dallas filed his answer to Plaintiff's complaint on November 29, 2021, denying all claims asserted against him. [Doc. 25].

During initial discovery in early-January 2022, Plaintiff issued requests for admission ("RFAs"),[2] requests for production of documents, and interrogatories to Dallas. On June 20, 2022, Plaintiff filed a motion for partial summary judgment on all claims asserted against Dallas based on, in part, his failure to object or respond to her RFAs within the thirty-day period prescribed by Fed. R. Civ. P 36. [Doc. 49]. Ten days later, Dallas provided Plaintiff with untimely discovery responses denying her RFAs and asserting he had never touched P.D. in any manner. *See* [Doc. 71 at 1-2]. One week later – or on July 7, 2022 – Dallas entered a guilty plea in the Criminal Case and affirmatively testified under oath to physically touching P.D. in a sexual manner during the 2019-2020 school year. *See* Criminal Case, [Doc. 118 (Plea Agreement); Doc. 120 (Petition to Enter Plea of Guilty)]. The following week, Dallas filed his response in opposition to Plaintiff's motion for partial summary judgment

---

[2] Plaintiff's RFAs included requests directed to the issue of Dallas' sexual touching of P.D. during the 2019-2020 school year while she was his student.

and repeatedly stated therein that "[b]ecause a conditional plea has been entered in the underlying criminal action that may or may not be accepted," Dallas "can neither admit nor deny any alleged facts unless and until a plea is finalized" and, thus, "denies the same." [Doc. 58 at 2-7, 10]. In conjunction with her summary judgment pleadings, Plaintiff filed a motion for sanctions against Dallas and his former counsel for issuing untimely discovery responses that were in direct contradiction to Dallas' sworn testimony in the Criminal Case. [Doc. 71 at 4-7]. This Court held a hearing on Plaintiff's request for sanctions in late-September 2022, during which Dallas' former counsel requested "that the responses to the RFAs be stricken and deemed admitted." [Doc. 95 at 5]. The Court granted this request on October 6, 2022, finding that Dallas' "failure to comply with Rule 36 results in the [RFAs] being admitted." [Doc. 84 at 2].

On January 10, 2023, this Court entered an order granting Plaintiff's motion for partial summary judgment on all claims asserted against Dallas and reserving entry of a final judgment in accordance with Fed. R. Civ. P. 54(b) until all claims against all parties are resolved. *See* [Doc. 95]. Dallas subsequently filed a *pro se* notice asserting that said order was improperly entered because "the firm he hired to represent his legal interests" in this civil matter and the parallel criminal proceedings "committed fraud on this Court." [Doc. 171 at 2]. Dallas further advised the Court of his intentions to (i) file a motion to reconsider and/or vacate the Court's order granting Plaintiff's motion for partial summary judgment; (ii) file a motion pursuant to 28 U.S.C. § 2255 in the Criminal Case; and (iii) submit a formal complaint with

the Oklahoma Bar Association regarding the alleged actions and/or omissions of his former counsel. [*Id*. at 2-3].

Dallas filed his Motion to Reconsider on March 11, 2024, requesting that the "summary judgment against him as to responsibility be vacated, and that he be allowed 14-days to file a legitimate response" to Plaintiff's RFAs. [Doc. 184 at 12]. According to Dallas, the allegations against him involving P.D. are false and he only pled guilty to these illegal acts in the Criminal Case because his former attorneys "manipulated and deceived [him] into believing that [he] had no other rational choice." [*Id*. at 3]. Dallas filed his § 2255 Motion in late-May 2024, requesting that his conviction and sentence be vacated because he "lied under oath" when pleading guilty. *See* Criminal Case, [Doc. 145]. Dallas filed his Motion for Judicial Notice in late-May 2024, requesting "that the Court take judicial notice of the recently completed § 2255 motion he filed in the parallel criminal proceeding" because it "is relevant" to his Motion to Reconsider. [Doc. 209 at 1].

## II.   ANALYSIS

### A.   MOTION FOR JUDICIAL NOTICE

Rule 201 of the Federal Rules of Evidence allows a court to, at any stage of the proceeding, take notice of "adjudicative" facts that fall into one of two categories: (i) facts that are "generally known within the territorial jurisdiction of the trial court;" or (ii) facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (f); *see* United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) ("Adjudicative facts are simply

4

the facts of the particular case."). Accordingly, this Court "may exercise [its] discretion to take judicial notice of publicly filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *see* St. Louis Baptist Temple v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

As stated, in his Motion for Judicial Notice, Dallas asks this Court to take notice of his § 2255 Motion filed in the Criminal Case because the arguments therein are "relevant" to his Motion to Reconsider. [Doc. 209 at 1]. It is well settled that documents, such as the § 2255 Motion at issue, "may only be considered to show their contents, not to prove the truth of matters asserted therein." Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also* In re Calder, 907 F.2d 953, 955 n.2 (10th Cir. 1990) (discussing judicial notice of the existence and contents, but not truthfulness, of publicly filed documents). Though the scope of Dallas' request for judicial notice is unclear, this Court liberally construes his Motion for Judicial Notice under the Tenth Circuit's standards for interpreting *pro se* papers. To the extent Dallas offers his § 2255 Motion to be probative of the facts and/or legal principles proffered therein, this Court finds that it is not appropriate to take judicial notice of the truthfulness of any facts and/or veracity of any legal arguments included in the §

2255 Motion. The Court shall, however, take judicial notice of the existence and content of Dallas' § 2255 Motion.

### A. MOTION TO RECONSIDER

Though the Federal Rules of Civil Procedure do not recognize a "motion to reconsider," the rules do "allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1242 (10th Cir. 1991). The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id.; *see* Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

As stated, in his Motion to Reconsider, Dallas requests that the "summary judgment against him as to responsibility be vacated, and that he be allowed 14-days to file a legitimate response" to Plaintiff's RFAs. [Doc. 184 at 12]. This reconsideration request is premised upon the "gross misconduct" that Dallas attributes to his former counsel of record. [Doc. 184 at 10]. The Tenth Circuit, however, has long made clear

6

that ineffective assistance of counsel is not grounds for relief in a civil case. *See* Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."). Indeed, "[i]f a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." Id.; *see also* Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1169 (10th Cir. 2003) ("Counsel's performance, however deficient, would not . . . form the basis for reversal of the trial court."). As Plaintiff correctly contends, Dallas' allegations arising from issues with his former counsel are not grounds for vacating this Court's order granting partial summary judgment in favor of Plaintiff and against Dallas.

### III.  CONCLUSION

WHEREFORE, defendant Tyler Dallas Ewton's Motion for Judicial Notice [Doc. 209] is hereby **GRANTED** insofar as to the existence and contents, but not truthfulness, of his § 2255 Motion on file in the parallel criminal proceedings.

WHEREFORE, defendant Tyler Dallas Ewton's Motion to Reconsider [Doc. 184] of is hereby **DENIED**.

IT IS SO ORDERED this 6th day of August, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE